1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED H. MEIER, III, and ROBERT E. SCHAEFER, | CASE NO: EDCV 08-01720 BRO (VBKx) |
| Plaintiffs, | JUDGMENT |
| v. | |
| RIVERSIDE COUNTY a political subdivision and Body Politic of the State of California; COUNTY OF RIVERSIDE a political subdivision and Body Politic of the STATE OF CALIFORNIA; COUNTY OF RIVERSIDE PLANNING DEPARTMENT; COUNTY OF RIVERSIDE DEPARTMENT OF BUILDING AND SAFETY; COUNTY OF RIVERSIDE LAND USE SERVICES; COUNTY OF RIVERSIDE FIRE DEPARTMENT; STATE OF CALIFORNIA; JAY E. ORR, COUNTY OF RIVERSIDE CODE ENFORCEMENT DIRECTOR; JENNIFER MORRIS, COUNTY OF RIVERSIDE ENFORCEMENT AGENT; LANEE PADILLA, CODE ENFORCEMENT OFFICER I; MARY OVERHOLT, COUNTY OF RIVERSIDE SUPERVISING CODE ENFORCEMENT OFFICER; and DOES 1 through 10 inclusively, | |
| Defendants. | |

DISENHOUSE &
IVICEVIC, LLP

1
JUDGMENT

1    On June 2, 2014, Defendants COUNTY OF RIVERSIDE, on behalf of itself and erroneously sued as Riverside County a political subdivision and Body Politic of the State of California; County of Riverside a political subdivision and Body Politic of the State of California; County of Riverside Planning Department; County of Riverside Department of Building and Safety; County of Riverside Land Use Services; County of Riverside Fire Department; JAY E. ORR; JENNIFER MORRIS; LANEE PADILLA; and MARY OVERHOLT, filed a Motion for Summary Judgment.  On June 9, 2014, Plaintiff's filed their opposition to the motion, and on June 16, 2014, Defendants filed their reply.

The Court heard oral argument on July 7, 2014, and took the motion under submission.  On July 7, 2014, the Court subsequently ruled on the motion by minute order.

## A.  FACTUAL HISTORY

Because Plaintiffs did not address Defendants' Separate Statement of Uncontroverted Material Facts in their opposition, the Court has accepted the factual assertions made therein as true.  See Fed.R.Civ.P. 56(e)(2).

Plaintiff Meier is an individual California resident who owns property located at 9101 Avenida Maravilla in an unincorporated area of the County of Riverside. (Dkt. No. 52-2 at 2).  In 2002, the Riverside County Code Enforcement ("RCCE")-a department of Riverside County-cited Mr. Meier following an administrative investigation for continuing violations of certain Riverside County land use ordinances and codes related to the storage of inoperable vehicles on his property. These ordinances include sections 10.04.010 and 17.24.010 of the Riverside County Code. (Dkt. No. 52-2 at 2).  Section 10.04.010 provides that "abandoned, wrecked, dismantled, or in operative vehicles" on either private or public property constitutes a public nuisance that may be abated. (Dkt. No 52-2 at 2).  Section 17.24.010 limits outside storage on improved parcels of land to 200 square feet, with a maximum height of three feet. (Dkt. No. 52-2 at 2).

1    Following RCCE's citation, Mr. Meier took various remedial measures, but he
2    kept twenty-nine vehicles on his property. (Dkt. No. 52-2 at 3). Concluding that
3    these vehicles continued to constitute a public nuisance, Riverside County took
4    affirmative steps to "administratively abate" the nuisance. (Dkt. No. 52-2 at 3).
5    Following an administrative hearing on July 31, 2008, (at which Mr. Meier was not
6    present), the RCCE determined that all but two of these vehicles were in operative
7    and in violation of Riverside County ordinances. (Dkt. No. 52-1 at 84-88). The
8    RCCE then ordered Mr. Meier to remove his vehicles within ten days or Riverside
9    County would remove the vehicles without his consent. (Dkt. No. 52-1 at 90).
10   When Mr. Meier did not remove the vehicles, Riverside County
11   representatives posted (and mailed) a "notice of Intention to Seize Abandoned,
12   Wrecked, Dismantled or Inoperable Vehicles for Reported Violations of Riverside
13   County Code 10.04.150." (Dkt. No. 52-1 at 95). Several months later, Riverside
14   County representatives realized that the notice cited the incorrect ordinance. (Dkt.
15   No. 52-1 at 98). Upon learning this, the RCCE closed Mr. Meier's case and then
16   reopened the file under the proper citation. (Dkt. No. 52-1 at 98, 101). Although the
17   RCCE found that Mr. Meier was still in noncompliance, it elected to close its case on
18   April 12, 2012, citing a lack of resources to pursue civil remedies. (Dkt. No. 52-2 at
19   105). As a result, the RCCE recorded a Release of Notices of Noncompliance and
20   returned, unexecuted, the inspection warrant it had issued for Mr. Meier's property.
21   (Dkt. No. 52-2 at 105).

## B. PROCEDURAL HISTORY

23   On November 25, 2008, Plaintiff Fred Meier filed this action against
24   Defendants, (Dkt. No. 1). Mr. Meier later amended his complaint on December 11,
25   2008, adding Plaintiff Robert Schaefer. (Dkt. No. 7). On January 13, 2009,
26   Defendants answered Plaintiff's First Amended Complaint. (Dkt. No. 8). On
27   October 14, 2009, the Honorable A. Howard Matz, United States District Court
28

DISENHOUSE &
IVICEVIC, LLP

1 Judge, referred the matter to the magistrate judge up through any pretrial conference
2 and jury trial. (Dkt. No. 11). The case then proceeded for several years.
3     On May 7, 2013, this Court was assigned to the matter. (Dkt. No. 31). On
4 May 19, 2014, this Court held a pretrial conference wherein the parties agreed that
5 the underlying facts were not disputed in this matter.

## C. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW

8     Plaintiffs seek remedies pursuant to 42 U.S.C. Section 1983 for violations of
9 their constitutional rights under the Fourth, Fifth and Fourteenth Amendments; they
10 also allege violations of the Racketeer Influenced and Corrupt Organizations
11 ("RICO") Act. (Dkt. No. 7). Plaintiffs name as Defendants the County of Riverside
12 and various departments of the County, as well as several individual County
13 officials. (Dkt. No. 7). Plaintiffs' claims essentially allege that their constitutional
14 rights have been violated because the County is not permitted to regulate their land.
15     Plaintiffs primary argument in opposition to Defendants' motion asserts that
16 the Supremacy Clause of the United States Constitution precludes Defendants from
17 enacting laws regulating land.[1] (See Dkt. No. 53). The Supremacy Clause
18 establishes federal law as the supreme law of the land and carries with it the
19 corollary principle that "the activities by the Federal Government are to be free from
20 regulation by any state." *United States v. Alaska Pub. Utils. Comm'n*, 23 F.3d 257,
21 260-61 (9th Cir. 1994) (quoting *Mayo v. United States*, 319 U.S. 441, 445 (1943)).
22 But as the Supreme Court has noted, "regulation of land use is perhaps the
23 quintessential state activity." *F.E.R.C. v. Mississippi*, 456 U.S. 742, 767 (1982).
24 State land use regulations are thus permissible under the Supremacy Clause when
25 those regulations do not conflict with federal law.

---

[1] The Court understands Plaintiffs' frustration being, as they describe it, robbed of doing as they chose during their "golden years;" however, there is simply no genuine issue as to a Constitutional violation.

1   Riverside County possesses the authority to pass ordinances regulating land
2   use under California state law and the California Constitution.  First, Article 7,
3   Section 11 of the California Constitution states:  "A county or city may make and
4   enforce within its limits all local, police, sanitary and other ordinances and
5   regulations not in conflict with general laws."  Cal.Const. art. XI, Section 7.  The
6   passing of land use restrictions has long been recognized as a valid exercise of a
7   local government's police power.  *See*, e.g., *Vill. Of Belle Terre v. Boraas*, 416 U.S.
8   1, 4 (1974); *MacLeod v. Santa Clara Cnty*, 749 F.2d 541, 544 (9th Cir. 1984).
9   Second, California Government Code Section 37100 gives the legislative body of
10  cities in California the authority to "pass ordinances not in conflict with the
11  Constitution and laws of the State or the United States."  Cal. Gov't Code Section
12  37100.  Thus, Riverside County may pass ordinances restricting land use provided
13  that they do not conflict with federal or California law.

14   Riverside County's ordinances are valid because they comply with both the
15  United States Constitution and the California Constitution. *Conner v. City of Santa*
16  *Ana*, 897 F.2d 1487 (9th Cir. 1990), is instructive.  In *Conner*, the Ninth Circuit
17  rejected the argument that a municipal ordinance authorizing a seizure of inoperable
18  automobiles as a means of abating a public nuisance was an unconstitutional exercise
19  of a city's police power. Id at 1493.  The municipal ordinance at issue here is
20  virtually identical that in *Conner*, as well as in other cases across jurisdictions that
21  have consistently rejected Plaintiffs and similar arguments.  *See*, *e.g.*, *Price v. City of*
22  *Junction, Tex.*, 711 F.2d 582, 589 (5th Cir. 1983) (finding a similar ordinance to be a
23  constitutional exercise of a city's general police powers); *Miller v. Wayne Twp. Bd.*
24  *Of Trustees*, 3:10-cv-172, 2011 WL 3515902, at *5 (S.D. Ohio Aug. 11,
25  2011)(same); *City of Costa Mesa v. Soffer*, 11 Cal. App. 4th 378, 383 (1992)(same);
26  *People v. Greene*, 264 Cal.App.2d 774, 776 (Cal.Ct. App. 1968)(same); *cf. Wyss v.*
27  *City of Hoquiam*, 111 F.App'x 449, 451 (9th Cir. 2004) (upholding the
28  constitutionality of a city's act of ordering plaintiff's house to be vacated and the

1  electricity shut off as "as a reasonable exercise of the City's police power based on
2  the unsafe condition of the building"). Riverside County's ordinance is materially
3  indistinguishable from the public ordinances in these cases. Accordingly, the Court
4  finds Riverside County's municipal ordinances to be a constitutional exercise of
5  Riverside County's general police power.
6       Because the Court finds that sections 10.04.010 and 17.24.010 of the
7  Riverside County Code are constitutional, Defendants may properly enforce these
8  provisions without committing any constitutional violations. Plaintiffs present no
9  evidence that they were subject to any constitutional violations. Plaintiff's present
10 no evidence that they were subject to any conduct beyond that mandated by these
11 provisions. In fact, the record demonstrates that Riverside County declined to pursue
12 civil remedies against Mr. Meier despite being legally entitled to do so. Plaintiffs
13 have therefore failed to establish a genuine issue as to any constitutional violations
14 by the Defendants.
15      Plaintiffs seek to hold Riverside County liable under 42 U.S.C. Section 1983
16 for purported constitutional violations. (Dkt. No. 7 at 23). Under *Monell v.*
17 *Department of Social Services*, 436 U.S. 658, 694 (1978) a local government may be
18 liable under Section 1983 when its "policy or custom . . . inflicts the [constitutional]
19 injury." Nevertheless, a local government may not be liable under *Monell* without an
20 underlying constitutional violation. *Cf. City of Los Angeles v. Heller*, 475 U.S. 796,
21 799 (1986)("If a person has suffered no constitutional injury at the hands of the
22 individual police officer, the fact that the department regulations might have
23 authorized the use of constitution excessive force is quite beside the point").
24 Accordingly, Riverside County (or any of its departments named as Defendants) may
25 not be subject *Monell* liability.
26      Finally, Plaintiffs have alleged RICO violations against both Riverside County
27 and various public officials acting on behalf of Riverside County. (Dkt. No. 7 at 17-
28 18). Yet Plaintiffs did not provide any evidence in opposition to Defendants' motion

for summary judgment on their RICO claim.  To create a genuine issue of fact to overcome summary judgment, Plaintiffs must provide more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative.  *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Because Plaintiffs have failed to do so, Defendants are entitled to judgment on Plaintiff's RICO claims as a matter of law.

Alternatively, the Court notes that RICO claims may not properly be brought against government entities because those entities are incapable of forming the intent required for a RICO violation.  *See Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) ("[G]overnment entities are incapable of forming [the] malicious intent' necessary to support a RICO action." (quoting *Lancaster Cnty. Hosp. v. Antelope Valley Hosp*., 940 F.2d 397, 404 (9th Cir. 1991))).  Similarly, Plaintiffs are suing the individual Defendants for acts committed in their official capacity as Riverside public officials, and government employees may not be subject to civil RICO authority for actin gin their official capacity.  *See Smith v. Cnty of Santa Cruz*, 13-cv-00595-LHK, 2014 WL 1118014, at *5 (N.D. Cal. Mar. 19, 2014)("Government Entities and their employees are not subject to RICO liability."); *Tate v. Bd. Of Prison Terms*, CV06-04505-AHM VBK, 2010 WL 1980141, at *13 (C.D. Cal.Apr. 9, 2010)("Suing a government official in his official capacity is the equivalent of suing the government, and the government cannot form the requisite criminal intent to be sued under RICO."), report and recommendation adopted, CV 06-04505-AHM VBK, 2010 WL 1980149 (C.D. Cal. May 13, 2010).  Plaintiffs' RICO claims against Defendants thus fail on these grounds as well as a matter of law.

WHEREFORE, by reason of the foregoing, judgment shall be entered in favor of Defendants COUNTY OF RIVERSIDE, on behalf of itself and erroneously sued as Riverside County a political subdivision and Body Politic of the State of California; County of Riverside a political subdivision and Body Politic of the State of California; County of Riverside Planning Department; County of Riverside

Department of Building and Safety; County of Riverside Land Use Services; County of Riverside Fire Department; JAY E. ORR; JENNIFER MORRIS; LANEE PADILLA; and MARY OVERHOLT; Plaintiffs FRED H. MEIER, III, and ROBERT E. SCHAEFER shall take nothing from Defendants and the First Amended Complaint shall be dismissed with prejudice, with Defendants to recover their statutory costs of suit.

**IT IS SO ORDERED.**

Dated:  July 25, 2014        _____
                              HONORABLE BEVERLY REID O'CONNELL
                              UNITED STATES DISTRICT COURT JUDGE